IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION
_____

| | |
|---|---|
| KEVIN MILLEN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 15-cv-02788-JPM-tmp |
| | ) |
| WASTE MANAGEMENT, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

_____

REPORT AND RECOMMENDATION
_____

On December 7, 2015, *pro se* plaintiff Kevin Millen filed a complaint against Waste Management, Wayne Huizenga, and David Steiner (collectively "Defendants"), alleging employment discrimination pursuant to Title VII of the Civil Rights Act of 1964. (ECF No. 1.) The same day, Millen also filed an application to proceed *in forma pauperis*, which the court granted on December 22, 2015. (ECF No. 7.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

    (i) is frivolous or malicious;

> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i-iii). In his complaint, Millen stated that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding Defendants' alleged discriminatory conduct on July 27, 2015, and attached documentation supporting this assertion. (ECF No. 1-1.) However, Millen also indicated in his complaint that he had not yet received a right-to-sue letter from the EEOC. As the Sixth Circuit has made clear, "[t]he receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action" in federal court. Dixon v. Ohio Dep't of Rehab. & Corr., 181 F.3d 100, at *1 (6th Cir. 1999) (citing Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1031-32 (6th Cir. 1998)); see also Wheaton v. N. Oakland Med. Ctr., 130 F. App'x 773, 785 (6th Cir. 2005); Jones v. Accredo Health Grp., Inc., No. 12-3016, 2013 WL 1500579, at *3 (W.D. Tenn. Apr. 10, 2013). Therefore, Millen has failed to state a claim on which relief may be granted in his complaint. See Long v. Shelby Cnty. Sch., No. 15-cv-2154-SHL-dkv, 2015 WL 1758903, at *1 (W.D. Tenn. Apr. 17, 2015) (ordering *sua sponte* dismissal of plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to

state a claim because she did not attach her right-to-sue letter to her original complaint). As such, it is recommended that Millen's complaint be dismissed without prejudice.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 23, 2015
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**